UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT EARL PRATT, JR.,

                      Petitioner,              Case No. 1:18-cv-1217

v.                                       Honorable Paul L. Maloney

S.L. BURT,

                      Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.     Factual Allegations

Petitioner Robert Earl Pratt, Jr. is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan.  Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of two counts of assault with intent to murder (AWIM), Mich. Comp. Laws § 750.83, one count of being a felon in possession of a firearm, Mich. Comp. Laws § 224f, and three counts of possessing a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b.  On November 4, 2013, the court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to prison terms of 40 to 60 years on each AWIM conviction, 10 to 20 years on the felon-in-possession conviction, and 2 years on each felony-firearm conviction.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals.  In the brief filed by counsel, Petitioner raised four grounds for relief:

I.     DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO HAVE A JURY DETERMINE HIS GUILT WHEN MULTIPLE PROSECUTION WITNESSES GAVE OPINIONS OF ULTIMATE FACT THAT ARE RESERVED FOR THE JURY.

II.    DEFENDANT WAS DEPRIVED OF HIS STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHT TO A FAIR TRIAL WHEN THE PROSECUTOR DURING REBUTTAL ARGUMENT ARGUED FACTS NOT IN EVIDENCE.

III.   DEFENDANT WAS DEPRIVED OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO OBJECT.

IV.   DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS
      WERE VIOLATED BY JUDICIAL FACT FINDING THAT
      INCREASED THE FLOOR OF THE PERMISSIBLE SENTENCE IN
      VIOLATION OF ALLEYNE V UNITED STATES.

(Def.'s Br. on Appeal, ECF No. 1, PageID.43.)  Petitioner also filed a pro per supplemental brief,

raising one additional issue:

V.    THE IDENTIFICATION EVIDENCE PRESENTED AT TRIAL WAS
      INSUFFICIENT TO SUSTAIN [DEFENDANT'S] CONVICTION.

(Def.'s Supp. Br. on Appeal, ECF No. 1-1, PageId.139, 141.)  In an unpublished opinion issued

on April 23, 2015, the court of appeals rejected all appellate grounds and affirmed the convictions.

       Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same

five grounds.  The supreme court held the case in abeyance, pending the decision in *People v.*

*Lockridge*, 870 N.W.2d 502 (Mich. 2015).  In an order issued on December 22, 2015, the supreme

court affirmed the court of appeals on Grounds I-III and V, but remanded the case to the

Kalamazoo County Circuit Court to determine whether it would have imposed the same sentence

absent the unconstitutional constraint on its discretion created by the mandatory guidelines.  If so,

the circuit court was instructed to resentence Petitioner.  (12/22/15 Mich. Ord., ECF No. 1-2,

PageID.284.)

       In an order issued on January 1, 2016, the circuit court declined to resentence

Petitioner.  *See* Mich. Ct. App. Electronic Docket, Case No. 333832, https://courts.michigan.

gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=333832&Co

urtType_CaseNumber=2 (last visited Dec. 3, 2018).  Petitioner appealed the circuit court's order

to both the Michigan Court of Appeals and the Michigan Supreme Court.  The appellate courts

denied leave to appeal on September 28, 2016, and April 4, 2017, respectively.  *Id.*

3

On October 20, 2018, Petitioner filed his habeas corpus petition, raising the same five claims presented to the Michigan appellate courts. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application, but he did not date it. (Pet., ECF No. 1, PageID.15.) However, the priority-mail envelope indicates that it was mailed on October 20, 2018. The petition was received by the Court on October 22, 2018. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

4

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court and appealed again following the remand. The Michigan Supreme Court denied his application for leave to appeal from the denial of resentencing on April 4, 2017. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 3, 2017.

Petitioner had one year from July 3, 2017, or until July 3, 2018, in which to file his habeas application. Petitioner filed his application on October 20, 2018. Obviously, he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399-400.

In the instant case, Petitioner neither claims that he is actually innocent nor proffers new evidence of his innocence that would make it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to allege or provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

III.    <u>Certificate of appealability</u>

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, I recommend that a certificate of appealability should be denied.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.


Dated:  December 7, 2018                           /s/ Ray Kent
                                                                   United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).