UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT EARL PRATT, JR., #602402, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:18-cv-1217 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| S. L. BURT, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR HABEAS RELIEF

Robert Pratt filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge conducted an initial review of the petition. The magistrate judge then issued a report recommending the petition be denied as barred by the one-year statute of limitations. (ECF No. 7.) Pratt filed objections. (ECF No. 8.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Section 2244(d)(1) establishes a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The magistrate judge found that Burt's limitation period began on July 3, 2017, and that the limitation period closed on July 3, 2018. The date stamp

on the envelope used to mail the petition is October 20, 2018. The magistrate judge concluded that, absent equitable tolling, the petition was barred.

Pratt asserts two objections, both supported by statements in an affidavit (ECF No. 9). First, Pratt claims he signed the petition in May, 2018. Second, he argues that the prison librarian declined to make copies of his documents in April and May. Pratt concludes that the inability to secure copies constituted an impediment beyond his control.

Pratt's objections are overruled. Signing the petition in May 2018 does not establish that the petition was timely filed. As explained by the magistrate judge in the R&R, the petition is filed when handed to prison authorities. Pratt has not established when he gave the petition to prison authorities. The date stamp on the envelope supports the conclusion that the petition was given to prison authorities in October 2018, after the limitations period expired. And, courts have previously rejected the failure to timely secure copies as a basis for equitable tolling. *See Baker v. Perry*, No. 2:12-10424, 2012 WL 5328677, at *4 (E.D. Mich. Oct. 29, 2012) (citing *Cook v. Stegall*, 295 F.3d 517, 521-22 (6th Cir. 2002) and *Alexander v. Schriro*, 312 F. App'x 972, 975 (9th Cir. 2009)). Pratt has not identified when the copies of his petition were made. The assertion in his affidavit fails to explain the delay between May and July 2018.

Accordingly, the Report and Recommendation (ECF No. 7) is **ADOPTED** as the Opinion of this Court. Burt's petition for habeas relief is **DENIED.**

The magistrate judge further recommended that this Court decline to issue a Certificate of Appealability. Pratt has not objected to that recommendation. And, the Court agrees that reasonable jurists would not disagree with the manner in which the issues have been resolved. Therefore, a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: January 3, 2019  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge